UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN ADMIRALTY

SEA FORCE IX, INC.,

    Plaintiff,

v.                                                      Case No. 8:19-cv-3110-T-CPT

HOFFMAN'S YACHT SALES, LLC,

    Defendant.
_____/

### **O R D E R**[1]

Before the Court is Plaintiff Sea Force IX, Inc.'s (Sea Force) *Motion for Summary Judgment* (Doc. 29) and Hoffman Yacht Sales, LLC's (Hoffman) response in opposition (Doc. 31). For the reasons discussed below, Sea Force's motion is denied.

I.

Located in Palmetto, Florida, Sea Force is engaged in the business of building, selling, and repairing yachts. (Docs. 1, 29). Hoffman is a boat dealer situated in Brielle, New Jersey. *Id*. Sea Force initiated this action against Hoffman in December 2019, claiming that Hoffman failed to abide by its agreement with Sea Force to pay for repairs Sea Force made to a yacht manufactured by a company named

---

[1] The parties consented to magistrate judge jurisdiction in March 2020. (Docs. 20, 21).

Fountain. (Doc. 1). In its complaint, Sea Force asserts one count for breach of a maritime contract and seeks damages, interest, and costs. *Id*. Hoffman answered Sea Force's complaint in April 2020 and raised various affirmative defenses. (Doc. 26).

In its instant motion for summary judgment, Sea Force argues that there is no dispute that it refurbished the Fountain yacht at the request of a Hoffman partner, Mike Buczkowski, and that Buczkowski agreed in writing to reimburse Sea Force directly. (Doc. 29). Sea Force also asserts that it is uncontested that the total cost of its repair work was $40,862.95, and that Hoffman refused to compensate Sea Force for this work, despite the fact that the charged amount was reasonable and "in accord with industry standards." *Id*. In support of these averments, Sea Force tenders the declarations of its general manager, Christopher MacKenzie, and its production manager, Robert Janzen. (Docs. 30, 30-1, 30-2).

Hoffman counters that genuine issues of material fact preclude summary judgment and submits two declarations of its own, one from a Hoffman member, Larry Grafas, and another from a consultant Hoffman retained to review Sea Force's repairs to the vessel, Tony Rossitto. (Docs. 31, 31-1). In short, Hoffman disputes it entered into a contract with Sea Force to fix the yacht, arguing that Buczkowski lacked the authority to bind the company and that, to the extent there was any agreement, it was between Sea Force and Buczkowski individually. (Doc. 31). Hoffman further claims that any agreed-upon repairs Sea Force was to make to the boat were limited to those covered under the warranty with the manufacturer, Fountain, and were

therefore billable to Fountain, not Hoffman. *Id*. Hoffman additionally maintains that the amount Sea Force charged for the repairs was unreasonable and does not account for the approximately $10,500 Sea Force already received from Fountain. *Id*.

## II.

Summary judgment is appropriate when the movant can show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007). A moving party discharges its burden by demonstrating that there is an absence of evidence to support the non-moving party's case. *Denney v. City of Albany*, 247 F.3d 1172, 1181 (11th Cir. 2001) (citation omitted).

When a moving party has satisfied its burden, the non-moving party must then designate specific facts (by its own affidavits, depositions, answers to interrogatories, or admissions on file) evidencing that there is a genuine issue for trial. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006) (citation omitted). To do so, the non-moving party must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the court may "grant summary judgment if the motion and supporting materials . . . show that the movant is entitled to" such relief. Fed. R. Civ. P. 56(e).

In deciding a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Welding Servs.*, 509 F.3d at 1356. That is, it must credit the evidence tendered by the non-movant and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).

### III.

Applying these standards here, the Court finds that there are genuine issues of material fact precluding the entry of summary judgment. To recover damages on a breach of a maritime contract, a plaintiff must prove "(1) the terms of [the] maritime contract; (2) that the contract was breached; and (3) the reasonable value of the purported damages." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1249 (11th Cir. 2005) (citations omitted). As outlined above, all three of these elements are in dispute, as evidenced by the parties' competing declarations. (Docs. 30, 31-1). Accordingly, Sea Force's *Motion for Summary Judgment* (Doc. 29) is denied.

DONE and ORDERED in Tampa, Florida, this 7th day of October 2020.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record